UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN, | No. 2:19-cv-0960 AC P |
| Plaintiff, | |
| v. | ORDER and |
| CHCF CALIFORNIA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

**I. Introduction**

Plaintiff is a state prisoner at the California Health Care Facility (CHCF), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has also filed numerous requests for preliminary injunctive relief.

This action is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted. The court reviews plaintiff's Fourth Amended Complaint, finds that it is not suitable for service in its present form, and grants leave to amend. The court recommends the dismissal of defendants California and the California Governor, and recommends that plaintiff's numerous requests for preliminary injunctive relief be denied. Additionally, plaintiff is admonished to

1

refrain from filing any further documents in this case that are not authorized by court order.

## II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 8; see also ECF No. 9.[1] Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff must still pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v.

---

[1] Plaintiff's additional motions to proceed in forma pauperis will be denied: ECF No. 2 is incomplete; ECF Nos. 11 and 14 will become moot.

Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly at 556).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### IV. Screening of Plaintiff's Fourth Amended Complaint (ECF No. 18)

Plaintiff filed five putative complaints in this action between May 20, 2019 and July 17, 2019. See ECF Nos. 1, 7, 10, 13, 18. The allegations in the complaints are relatively consistent, including challenges to a disciplinary sentence, ECF No. 1 at 3, ECF No. 10 at 3, ECF No. 13 at 3; a request to reduce plaintiff's sentence, ECF No. 7 at 3; requests for stronger pain medication, ECF No. 1 at 4, ECF No. 10 at 4, ECF No. 13 at 4; a request for an MRI of plaintiff's arm, ECF No. 1 at 4; and an apparent challenge to the amount of drinking water provided (one gallon per day) due to the detection of Legionnaire's disease in the potable water source, ECF No. 1 at 5.

The court now screens plaintiff's most recently filed complaint, his Fourth Amended Complaint (ECF No. 18), pursuant to 28 U.S.C. § 1915A. All prior complaints are deemed superseded. See Fed. R. Civ. P. 15(a)(2).

////

3

**A. <u>Plaintiff's Allegations</u>**

In tandem with reviewing plaintiff's Fourth Amended Complaint, ECF No. 18, the court has reviewed the many additional supporting documents filed by plaintiff, <u>see</u> ECF Nos. 16-7, 21-2, 26, 28-9, 31-4. These documents are often in journal format, identifying the chronology and specific times of plaintiff's ongoing concerns. Some of the background information provided below is taken from these documents. The court will direct the attachment of plaintiff's medical test results, ECF Nos. 31-3, to the Fourth Amended Complaint.

Plaintiff is a Desert Storm veteran serving a relatively short sentence in CDCR. He has previously received medical treatment through the Veterans Administration. Plaintiff references several medical issues, including an enlarged prostate and use of a Foley catheter; back and hip pain; arm pain; and chest and lung pain. He alleges generally that CHCF medical staff are unhelpful, not doing their jobs, and don't care; they refuse to increase plaintiff's pain medication beyond "tylenol aspirin," despite a recommendation for stronger pain medications from VA physicians; and they refuse to send plaintiff to outside physicians or the ER.

Plaintiff has filed copies of the following medical imaging results: Plaintiff had chest x-rays in March 2019, indicating "increased interstitial markings and bronchial thickening" in his lungs, ECF No. 31 at 3, and a recommendation to rule out infection or aspiration in the lung bases, ECF No. 32 at 2-3; he had a chest CT scan with contrast later that month, indicating his lungs were "well aerated and clear," ECF No. 33 at 1-2; a CT angiography of plaintiff's chest later in March 2019 found "mild thickening of the esophagus" consistent with "esophagitis and/or reflux disease," but no evidence of pulmonary embolism, aortic aneurysm or dissection or cardiopulmonary disease, ECF No. 33 at 7; a coronary angiogram conducted in April 2019 was normal with "no acute cardiopulmonary pathology," ECF No. 33 at 3-4; in May 2019 plaintiff had x-rays of his cervical and thoracic spine, which were unremarkable with the exception of indicating that plaintiff's gall bladder had previously been removed, ECF No. 31 at 4-5; a July 2019 brain MRI revealed "stable nonspecific foci . . . within the white matter" that may be related to "chronic small vessel ischemia, previous viral infection, Lyme disease, migraine headaches, or a demyelinating process," ECF No. 33 at 5; plaintiff had an ultrasound of his prostate in August

2019, indicating a nodule in the right seminal vesicle but PSA density within the normal range, ECF No. 31 at 1-2; ultrasounds of plaintiff's kidneys in August 2019 were normal, ECF No. 33 at 1.

In addition to his medical concerns, plaintiff challenges a disciplinary sentence that lengthened his term of incarceration, and he seeks a reduction of his sentence. He also appears to challenge the fact that prisoners have been limited to one gallon of water a day (drawn from a prison shower) after finding evidence of Legionnaire's Disease in the potable water system. Plaintiff's various other filings make numerous and wide-ranging additional allegations, e.g., that Correctional Officer (C/O) Gonzales has threatened to "bitch slap" plaintiff out of camera view, ECF No. 30 at 1.

Plaintiff seeks a court order directing that he receive medical care outside CDCR and 95 million dollars in damages. ECF No. 18 at 12.

### B. Analysis

#### 1. Challenge to Disciplinary Conviction

Although his factual allegations are not well developed, it appears that plaintiff is challenging, in part, the extension of his prison sentence due to a disciplinary conviction. Plaintiff does not appear to challenge the disciplinary conviction directly, only its impact on his overall sentence.

If plaintiff's prison term was lengthened as a result of his disciplinary conviction, and his original prison term would be restored upon demonstrating the invalidity of that conviction, then plaintiff's claim lies in habeas. See Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017) (claims falling within the "core" of habeas are those that would "necessarily lead to [the petitioner's] immediate or earlier release from confinement"). Claims that do not implicate the duration of custody are properly brought in a civil rights action under 42 U.S.C. § 1983. Id. at 929.

Plaintiff's current allegations fail to state a cognizable claim in either habeas or civil rights. It is not evident that plaintiff is attempting to pursue a habeas claim. "When the intent to bring a habeas petition is not clear, . . . . the district court should not convert a defective section

1983 claim into a habeas petition." Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Moreover, plaintiff may pursue these allegations under Section 1983 only on the following limited due process grounds. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A prisoner subject to disciplinary sanctions that include the loss of good time credits must receive: (1) 24-hour advanced written notice of the charges against him, (2) a written statement by the fact finder setting forth the evidence relied on and the reasons for the decision, (3) an opportunity to call witnesses and present documentary evidence, (4) assistance at the hearing if the prisoner is illiterate or the matter particularly complex, and (5) a sufficiently impartial fact finder. Id. at 563-71. Additionally, a finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985). The instant complaint does not challenge plaintiff's disciplinary conviction on any of these grounds and therefore his challenge fails to state a cognizable claim. In a further amended civil rights complaint, plaintiff may challenge his disciplinary conviction only on these grounds.

**2.     Deliberate Indifference to Serious Medical Needs**

Plaintiff's numerous complaints about the quality of his medical care fail to state a cognizable claim for deliberate indifference to his serious medical needs under the Eighth Amendment. Plaintiff is informed that "mere negligence or isolated occurrences of neglect" do not state a cognizable claim. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (citing Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Nor does "mere malpractice, or even gross negligence." Wood, 900 F.2d at 1334.

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond

to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," the evidence must show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted).

The allegations of the instant complaint do not meet these legal standards and therefore fail to state a cognizable deliberate indifference claim. Plaintiff may attempt to frame his allegations within these standards in a further amended complaint.

Plaintiff's general allegations concerning limitations on available water, if actionable, would also be framed as a claim for deliberate indifference, particularly to plaintiff's health and safety. "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld." Id. (citations and internal quotation marks omitted).

### 3. **Putative Defendants**

The Fourth Amended Complaint names as defendants "California" and the "Governor of California," CHCF (Warden), and C/O Jasper. ECF No. 18 at 1-2.

The State of California is not a proper defendant because it is immune from suit under the Eleventh Amendment. See Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir.

2009), and citations therein. The State of California should therefore be dismissed from this action with prejudice.

Claims against the Governor are limited to prospective injunctive relief over matters in which he has direct control. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (noting Eleventh Amendment immunity and holding that Section 1983 does not permit suits for damages against states); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997) ("state officials sued in their official capacities are not 'persons' within the meaning of § 1983" except when "sued for prospective injunctive relief "). The Governor of California has no direct control over any of plaintiff's requested relief and should be dismissed from this action with prejudice.

Nor does plaintiff state a cognizable claim against the Warden of CHCF. Although a prison warden can be required to implement appropriate injunctive relief, he or she cannot be held liable for damages in the absence of plausible allegations that the warden had personal knowledge of the allegedly unconstitutional conditions of confinement and failed to correct them. A supervisor may be liable only if "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citation omitted). None of plaintiff's current allegations reflect that the CHCF Warden had any personal involvement or causal connection to the alleged deliberate indifference to plaintiff's serious medical needs. Moreover, in light of the extensive medical testing plaintiff has received, it does not appear that plaintiff will be able to state a plausible claim for injunctive relief. Nevertheless, the undersigned will not recommend dismissal of the CHCF Warden as a defendant at this juncture, and plaintiff may amend as to the Warden.

Finally, plaintiff's allegation against C/O Jasper (that Jaspar has threatened to "bitch slap" plaintiff outside of view of prison cameras), does not state a cognizable claim. "[V]erbal harassment or abuse . . . [alone] is insufficient to state a constitutional deprivation under 42 U.S.C. 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation marks omitted). A "mere naked threat," even a threat of bodily harm made in an

attempt to persuade a prisoner to refrain from pursuing legal redress, does not, without more, state a constitutional claim. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam). The Ninth Circuit has explained that "the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons of which we do not approve, but which do not violate the Eighth Amendment." Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012) (citation and internal quotation marks omitted). "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. The alleged pain may be physical or psychological. Nevertheless, the inmate must objectively show that he was deprived of something 'sufficiently serious.'" Id. at 1112 (citations and internal quotation marks omitted). To be actionable, alleged psychological injuries must "rise to the level of severe psychological pain required to state an Eighth Amendment claim." Watison, 668 F.3d at 1113. Thus, to state an Eighth Amendment claim premised on a correctional officer's statements or threats, plaintiff must plausibly allege that the officer "acted with a sufficiently culpable state of mind" and "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997); see also id. at 623 (collecting cases finding an Eighth Amendment claim).

Although plaintiff's current allegations against defendant Jasper fail to meet these legal standards, plaintiff may be able to state a cognizable claim against him in a further amended complaint.

### 4. Requirement of Linking Specific Allegations with Specific Defendants

Finally, with the exception of C/O Jasper, the instant complaint makes no specific allegations against specific defendants. In an amended complaint, plaintiff must "link" specific defendants with their allegedly unconstitutional conduct, also specifically alleged. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, [only] if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the

duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (citations omitted.) A complaint that fails to identify the specific acts of specific defendants that allegedly violated plaintiff's constitutional rights fails to meet the notice requirements of Rule 8(a), Federal Rules of Civil Procedure. Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

## V.     Motions for Preliminary Injunctive Relief

Plaintiff has filed seven motions for preliminary injunctive relief, see ECF Nos. 3,19, 20, 23, 24, 25, 27, and two requests, ECF Nos. 30, 35. The requested relief includes increased pain medication, immediate pain relief, and referrals to outside physicians, including the VA.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show either a likelihood of success on the merits of the underlying controversy and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir.1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir.1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id. The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See id. at 1334–35.[2][3]

---

[2] The standard for a temporary restraining order is essentially the same. The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977).

[3] The Eastern District of California Local Rules imposes additional requirements. First, this court will consider whether the moving party could have sought relief by a noticed motion for a

In cases brought by prisoners involving conditions of confinement, any preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the identified potential harm, and be the least intrusive means necessary to correct the harm. See 18 U.S.C. § 3626(a)(2).

Significant to the instant case is the requirement that a motion for injunctive relief must relate to the allegations of an operative complaint. A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (citation omitted); see also De Beers Consol. Mines, Ltd., v. United States, 325 U.S. 212 (1945). Where, as here, the complaint is defective and does not state cognizable claims, it cannot support injunctive relief. Moreover, plaintiff's exhibits document extensive medical testing and treatment, and are inconsistent with an assertion of irreparable injury.

Accordingly, at this time, the undersigned finds that plaintiff has not demonstrated a significant threat of irreparable injury. It is not possible to assess the likelihood of plaintiff's success on the merits on any potential claims that have not yet been pled. Therefore, plaintiff's numerous motions and requests for preliminary injunctive relief, ECF Nos. 3, 19, 20, 23, 24, 25, 27, 30 and 35, should be denied without prejudice to the filing of a well-pleaded complaint and, if warranted, an adequately supported motion.

### VI. Admonition to Plaintiff

Plaintiff is informed that his excessive filings unnecessarily consume this court's limited resources and detract from the merits of his case. Plaintiff is directed to refrain from filing any further documents in this action unless so directed by the court or authorized by court order. See Local Rule 110 ("Failure . . . of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). Further filings by plaintiff that are

---

preliminary injunction at an earlier date without the necessity of seeking last-minute relief by motion for a temporary restraining order. See Local Rule 231(b). Second, the moving party must provide specific documents to the court in support of the requested temporary restraining order. See Local Rule 231(c).

determined by the court to be duplicative, frivolous or irrelevant will result in an order to show cause why monetary and/or other sanctions should not be imposed on plaintiff, including the option of dismissing this case.

### VII. Leave to File a Fifth Amended Complaint

For the reasons set forth above, this court finds that plaintiff's Fourth Amended Complaint fails to state a cognizable claim and is subject to dismissal. See 28 U.S.C. § 1915A. However, plaintiff will be granted leave to file a Fifth Amended Complaint. If plaintiff chooses to file a Fifth Amended Complaint, that complaint must allege in specific terms how each named defendant allegedly violated plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. See also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (an amended complaint supersedes the prior complaint). Therefore, in a Fifth Amended Complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VIII. Summary for Pro Se Plaintiff

You are granted in forma pauperis status and will pay the filing fee over time with automatic deductions from your prison trust account.

The court has screened your Fourth Amended Complaint and, for the reasons set forth above, finds that it does not state a cognizable claim as framed. The court has also found that your numerous motions and requests for injunctive relief are not cognizable in the absence of a viable complaint.

However, because your allegations regarding your medical treatment might support a claim with the addition of certain specific information, you are granted leave to file a Fifth Amended Complaint. The court has provided you guidance in how to frame a cognizable

1 | deliberate indifference claim against a specific defendant or defendants. The court has also
2 | provided guidance in stating a potentially cognizable claim based on the alleged threats of
3 | defendant Jasper.

Neither the State of California nor the California Governor are appropriate defendants in this case; therefore, the undersigned recommends their dismissal.

If you choose to file a Fifth Amended Complaint, you must do so within thirty (30) days after service of this order. Failure to timely file a Fifth Amended Complaint will result in a recommendation that this action be dismissed without prejudice.

You have been admonished to refrain from filings further excessive documents in this case. You have been directed, at risk of sanctions, to file in this court only documents that have been specifically authorized, e.g. a proposed Fifth Amended Complaint.

### IX. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 8, is granted.

2. Plaintiff's initial motion to proceed in forma pauperis, ECF No. 2, is denied as incomplete; plaintiff's subsequent motions to proceed in forma pauperis, ECF Nos. 11 & 14, are denied as moot.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. The Clerk of Court is directed to electronically attach to the Fourth Amended Complaint, ECF No. 18, the exhibits contained in ECF Nos. 31-33.

5. Plaintiff's Fourth Amended Complaint, ECF No. 18, will not be served. Plaintiff is granted leave to file a Fifth Amended Complaint, on the form provided herewith, within thirty (30) days after service of this order, subject to the legal standards set forth herein. Failure to

////

timely file a Fifth Amended Complaint will result in a recommendation that this action be dismissed without prejudice.

6. Plaintiff's preceding complaints, ECF Nos. 1, 7, 10 & 13, were superseded by the filing of plaintiff's Fourth Amended Complaint, and shall be so designated on the docket by the Clerk of Court.

7. The Clerk of Court is directed to send plaintiff, together with a copy of this order, the following: (1) a copy of the Fourth Amended Complaint, with the newly attached exhibits identified in Paragraph 4, supra; and (2) a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

8. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that :

1. Defendants State of California and the California Governor be dismissed from this action with prejudice; and

2. Plaintiff's motions and requests for preliminary injunctive relief, ECF Nos. 3,19, 20, 23, 24, 25, 27, 30 & 35, be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 13, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE