UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHCF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-0960 KJM AC P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner at the California Health Care Facility (CHCF), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 13, 2019, the undersigned screened plaintiff's Fourth Amended Complaint pursuant to 28 U.S.C. § 1915A, and found that service was not appropriate.[1] ECF No. 37. Plaintiff was granted leave to file a Fifth Amended Complaint, and provided with information about the applicable legal standards and pleading requirements. Id. By order filed October 2, 2019, the district judge adopted the undersigned's findings and recommendations that defendants

---

[1] Plaintiff filed five putative complaints between May 20, 2019 and July 17, 2019. See ECF Nos. 1, 7, 10, 13, 18.

1

State of California and the California Governor be dismissed from this action, and that plaintiff's numerous requests for preliminary injunctive relief be denied without prejudice. ECF No. 45.

The undersigned now screens plaintiff's Fifth Amended Complaint pursuant to 28 U.S.C. § 1915A.[2] See ECF No. 44. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice.

Plaintiff's Fifth Amended Complaint identifies three proposed claims, for which he seeks 98 million dollars in damages and an order requiring CDCR to provide plaintiff with outside medical care. In his first claim, plaintiff alleges a putative Fourth Amendment violation described in full as follows, ECF No. 44 at 3 (with minor edits):

> I have court tell me out February 29, 2020 but 1-23-2021 I had February 29, 2020 now have January 23, 2021. The DA from this county filed nothing but CDCR filed this.

These allegations do not state a cognizable civil rights claim and indicate that amendment would be futile.

Plaintiff's prior complaints suggest that plaintiff is attempting to challenge a disciplinary sentence that lengthened his term of incarceration. As the court previously explained to plaintiff, a challenge to the validity of a disciplinary conviction lies in habeas corpus, not civil rights. See Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017) (claims falling within the "core" of habeas are those that would "necessarily lead to [the petitioner's] immediate or earlier release from confinement"). All other claims must be brought in a civil rights action under 42 U.S.C. § 1983. Id. at 929. However, civil rights claims premised on an intact disciplinary conviction may only be challenged on due process grounds, Wolff v. McDonnell, 418 U.S. 539 (1974), which plaintiff does not allege.

---

[2] As plaintiff was previously informed, ECF No. 37, this court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Second, plaintiff alleges a denial of adequate medical care (incorrectly identified as a Fifth Amendment claim). While this claim is difficult to decipher, plaintiff appears to allege that his medical care was better at the Veterans Administration than it is in prison; that plaintiff has only one lung; and that CDCR "is going to kill" plaintiff through "gross negligence" and "malpractice." ECF No. 44 at 4. The court has previously informed plaintiff of the substantive standards for stating a cognizable medical deliberate indifference claim under the Eighth Amendment, as well as the requirements that he identify specific defendants and their specifically challenged conduct. See ECF No. 37. Plaintiff's current allegations fail to meet these standards. Due to the vagueness of the allegations and plaintiff's failure to cure the vagueness on amendment, it appears that further amendment would be futile.

Third, plaintiff alleges excessive force and/or "abuse" by Officers Gonzales and Tovar (incorrectly identified as a Fifth Amendment claim), and that these officers are "going behind C/O Traing." ECF No. 44 at 5. This claim, which is also difficult to decipher, appears to allege that Gonzales threatened to "bitch slap" plaintiff, while Tovar "pull[ed] [plaintiff's] room" and "told [plaintiff] about HIP[P]A." Id. In his original complaint, plaintiff alleged that C/O Jaspar threatened to "bitch slap" plaintiff outside view of prison cameras. See ECF No. 37 at 5, 8. As the court then informed plaintiff, "to state an Eighth Amendment claim premised on a correctional officer's statements or threats, plaintiff must plausibly allege that the officer 'acted with a sufficiently culpable state of mind' and 'the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.'" Id. at 9 (quoting Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997). Neither plaintiff's original nor current allegations meet these legal standards and it again appears that further amendment would be futile.

This court is persuaded that plaintiff is unable to allege any additional facts in a Sixth Amended Complaint that may state a cognizable civil rights claim. Therefore, the undersigned will recommend that this action be dismissed without prejudice. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

////

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 25, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE